## F. ZALOOM & SONS v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1905.)

### No. 3,899.

CUSTOMS DUTIES—CLASSIFICATION—SESAME OIL.

The provision for sesame oil in paragraph 626, § 2, Free List, Tariff Act July 24, 1897, c. 11, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], *held* to include ground sesame seed in the form of pulp, from which the oil has not been removed, the article being known commercially as sesame oil. It is immaterial that there is another and more refined product known and dealt in under the same name.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision of the Board of General Appraisers, G. A. 5,919, T. D. 26,031, related to an importation at the port of New York by F. Zaloom & Sons, and affirmed the assessment of duty thereon by the collector of customs at the port of New York. The character of the merchandise and the nature of the controversy appear from the opinion of the board, which reads as follows:

WAITE, General Appraiser. The question in this case arises over what is claimed by the importer to be sesame oil, which Tariff Act July 24, 1897, c. 11, provides shall be free, in paragraph 626, § 2, Free List, 30 Stat. 199 [U. S. Comp. St. 1901, p. 1685], which reads in part, "Oils: Almond, amber, * * * sesame or sesamum seed or bean," etc. The collector assessed the article for duty as an unenumerated manufactured article under section 6 of the act, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693]. The commodity in question, which is sometimes called sesame pulp, is shown by the sample and testimony to be ground sesame seed, together with the oil, which is a natural extract therefrom. The testimony of the witnesses for the importers clearly shows that it has been imported by them as sesame oil for the Assyrian trade in this country. Testimony in behalf of the government, however, shows that there is a refined sesame oil, which is the same as this, with the exception that the ground seed or pulp has been removed. It is clear from the evidence that the commodity involved in this case was known among Assyrians at the time of the passage of the act as sesame oil, but its consumption and dealings in it were apparently confined to that class of people. It is used principally as a food product, and, while it might be termed sesame oil were it the only form in which sesame oil was imported, still we are of the opinion that, in view of the fact, as established by the evidence, that the refined product is of more general use, is the only sesame oil known to the trade generally in

this country, and unquestionably is a sesame oil as the term "oil" may be applied in its broadest significance, it is the product intended to be covered by the statute. The commercial designation which will control in the classification of the imported merchandise must be "the result of established usage in commerce and trade, and such usage * * * must be definite, uniform, and general, and not partial, local, or personal." Maddock v. Magone, 152 U. S. 368, 371, 14 Sup. Ct. 588, 38 L. Ed. 482. Proof that the article imported is known and dealt in as sesame oil among a comparatively small class of foreigners living in this country does not satisfy the requirements of this rule. Sesame pulp has been the subject or two previous decisions by the board, in both of which it has been held not to be free of duty under paragraph 626. In re Emanuel, G. A. 4,748. T. D. 22,435; In re Sahadi, Abstract 1,946, T. D. 25,411. The testimony in G. A. 4,748 is made part of the record in this case, upon motion of the government counsel. For the reasons stated, the protest is overruled, and the collector's decision affirmed.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importers.

Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The evidence herein abundantly establishes that the merchandise in question is commercially known among dealers and consumers as sesame oil, and that it is sesame oil in fact. It is therefore immaterial that there is another and more refined product, which is known and dealt in under the same name.

The decision of the Board of General Appraisers is reversed.